UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL WILLIAM DALLUGE,<br><br>             Plaintiff,<br><br>  vs.<br><br>TEDDY CHOW, FRANK DETROLIO,<br>GRANT COUNTY JAIL, et al.,<br><br>             Defendants. | NO.  CV-10-0050-LRS<br><br>ORDER DISMISSING COMPLAINT<br>PURSUANT TO 28 U.S.C. §1915 |

BEFORE THE COURT is Defendants Frank Detrolio, Grant County Jail, and Grant County Commissioners #1, #2, and #3's Motion to Dismiss Pursuant to the Prisoner Litigation Reform Act, Ct. Rec. 10, filed May 14, 2010 and noted without oral argument for July 6, 2010. Defendant Chow joined in Co-Defendants' Motion for PLRA (Ct. Rec. 25) on June 25, 2010.

**I.   INTRODUCTION**

Plaintiff, a prisoner currently housed at Clallam Bay Correction Center, a state prison located in Clallam County, Washington, is proceeding pro se.  Plaintiff filed his Complaint in state court on December 4, 2009.  Defendants were served by mail pursuant to a state court order (Ct. Rec. 1).  This case was removed from Grant County Superior Court on March 1, 2010 by defendants.  Defendants Frank

ORDER - 1

Detrolio, Grant County, Grant County Commissioners 1-3, and Grant County Jail have filed an answer to Plaintiff's Complaint (Ct. Rec. 4) and demand for a jury.  This is plaintiff's third lawsuit against Grant County in the last four years and plaintiff's previous lawsuits resulted in defense verdicts. (Declaration of Patrick R. Moberg, ¶ 7).

Defendants, the moving parties, ask the court to review plaintiff's complaint under 28 U.S.C. §1915 and dismiss any portions that are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.

**II.  Defendants' Motion to Dismiss (Ct. Rec. 10)**

Defendants argue that under the Prisoner Litigation Reform Act ("PLRA"), federal courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Federal courts must dismiss complaints that are legally "frivolous or malicious," that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief or brought against persons with immunity from suit. 28 U.S.C. §§1915A(b)(1), (2) and 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998). Dismissal from the court may come at any time during the proceedings. 28 U.S.C. § 1915A(e)(2).

Although not abundantly clear, it appears plaintiff makes three claims against all defendants: wrongful or malicious prosecution, a Monell civil rights claim for failure to train and/or supervise, and wrongful imprisonment.

ORDER - 2

### A.   Statute of Limitations

Defendants assert that Plaintiff's entire complaint must be dismissed as all of his claims are barred by the statute of limitations.  Both his state and civil rights claims are subject to a three-year statute of limitations.  Defendants argue it is plain that plaintiff's claims for events that occurred in 2004 are time barred by the applicable three year statute of limitations.

#### 1.   Civil Rights Claim

Plaintiff alleges that Defendant Grant County failed to train/supervise or act in establishing policy or procedures to prevent abuses of authority causing constitutional violations.  Complaint, ¶12.  "[T]he appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash. Rev. Code §4.16.080(2)." Bagley v. CMC Real Estate Corp., 923 F. 2d 758, 760 (9th Cir. 1991).  The statute of limitations "begins to run upon incarceration notwithstanding the pendency of further state court proceedings." Id. at 761.

#### 2.   Malicious Prosecution and Related Claims

Plaintiff establishes in his complaint the subject charges were filed against him on February 25, 2004.  A claim for malicious prosecution (abuse of process) must be brought within three years from the time the allegedly tortious transaction or occurrence is committed. RCW 4.16.080(2); Nave v. City of Seattle, 68 Wn.2d 721, 724, 415 P.2d 93 (1966). Defendants argue that clearly, plaintiff did not sue within three years from February 25, 2004 when the charges were filed against him.  Defendants move to dismiss these claims.

ORDER - 3

### 3. Wrongful Imprisonment and Related Claims

Defendants state that Grant County Jail released plaintiff into state custody on March 25, 2004, which would have been the moment of the alleged tortious action for wrongful imprisonment, i.e. Defendants' alleged failure to credit time spent in Grant County Jail against his state prison sentence.  Defendants assert that plaintiff did not file this lawsuit by March 25, 2007, which was three years from his release into state custody. Even if plaintiff were to argue the tortious act did not occur until he was released from state prison (as that date would include the time of his alleged wrongful imprisonment), plaintiff needed to bring his lawsuit by September 17, 2007,[1] which he did not.

### B.    Prosecutorial Immunity Against Civil Rights Claim

Apart from being barred by the statute of limitations, plaintiff's lawsuit has an immunity problem Defendants argue. Plaintiff's Complaint alleges liability of Defendant Chow arising out of charges brought against plaintiff in 2004. (Ct. Rec. 1-2 at 2.) Plaintiff specifically alleges in his Complaint that the charges in question were not later re-filed, after plaintiff had served some unspecified DOC sentence, which confines the claimed harm to 2004 with respect to Defendant Chow.  (Ct. Rec. 1-2, at 6.) Plaintiff alleges actions by Defendant Chow <u>only</u> in his capacity as a prosecutor.

The prosecutor is protected by immunity when filing criminal charges against a person. A state prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal

---

[1] The state released plaintiff on September 17, 2004.

ORDER - 4

prosecution and in presenting the state's case is absolutely immune from a suit for damages under 42 U.S.C.A. § 1983. Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 502(1997)(A prosecutor's activities in connection with the preparation and filing of charging documents, including an information and motion for an arrest warrant, were protected by absolute prosecutorial immunity in a § 1983 action brought by the accused after the charges were dropped.)

Similarly, Defendants argue, any claims against Defendant County or its three commissioners arising from the failure to train the prosecutor should also be barred by immunity.

**C.  Failure to Exhaust Administrative Remedies**

Defendants argue that there is no evidence plaintiff exhausted the available administrative remedies within Grant County Jail or the department of Corrections as required under the PLRA.

**D.  Failure to Comply with RCW 4.96**

Defendants argue that plaintiff also did not comply with RCW 4.96.020(3) requiring him to file a claim for damages before filing this lawsuit. This requirement is applicable to any state claim included in plaintiff's complaint.

**III. Defendant Chow's Joinder** (Ct. Rec. 25)

Defendant Chow argues, as a prosecutor, he is entitled to absolute prosecutorial immunity.  Prosecutorial immunity applies to civil rights claims.  Imbler v. Pachtman, 424 U.S. 409, 427-428, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976).  Defendant Chow argues that the activities plaintiff alleges Defendant Chow participated in are

ORDER - 5

protected from liability under a prosecutor's absolute immunity. Van de Kamp v. Goldstein, ___ U.S. ___, 129 S. Ct. 855, 861, 172 L. Ed. 2d 706 (2009).

Additionally, Defendant Chow notes, plaintiff did not comply with either RCW 4.92.100 or 4.96.020(3), which requires the filing of a claim for damages before filing a lawsuit. This requirement is applicable to and forecloses any state law claim included in plaintiff's Complaint. Defendant Chow joins in the other defendants' arguments in support of their motion to dismiss.

**IV.   ANALYSIS**

Under the PLRA, plaintiff's Complaint should be dismissed if it is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A(b)(1), (2) and 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998). The present action with respect to all defendants fails under the applicable PLRA standards, and should be dismissed with prejudice.

When addressing a pro se complaint, generally a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000) [internal quotation and citation omitted]; see also Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). An opportunity to amend is not required where "the problem with [plaintiffs'] causes of action is substantive" such that "[b]etter pleading will not cure it." Cuoco, 222 F.3d at 112 (finding

ORDER - 6

that repleading would be futile) [citation omitted]; see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted].

The Court finds, as discussed above, that plaintiff's complaint must be dismissed for statute of limitations bars, immunity issues, and failure to state any claims for which relief may be granted.

**V.   CONCLUSION**

Plaintiff was a prisoner at the time of allegations in his complaint.  Plaintiff originally filed this lawsuit in state court, and defendants removed the lawsuit to federal court as it included several federal claims. Because plaintiff is a prisoner, his complaint is reviewed under the PLRA, and any frivolous or legally meritless claims should be dismissed.  Plaintiff's claims are dismissed under the PRLA for the foregoing reasons.  Accordingly,

**IT IS ORDERED**:

1.  Defendants' Motion to Dismiss Pursuant to the PLRA, **Ct. Rec. 10**, is **GRANTED**.  Plaintiff's Complaint is **DISMISSED with prejudice** and without opportunity to amend.

2.  Plaintiff's Motion for Summary Judgment and Sanctions, **Ct. Rec. 13**, is **DENIED as MOOT**.

3.   Plaintiff's Motion to Expedite, **Ct. Rec. 17**, is **DENIED**.

4.   Plaintiff's Motion to Strike Defendants' Motion to Dismiss, and Sanctions. **Ct. Rec. 18**, is **DENIED**.

ORDER - 7

5.   Plaintiff's Motion to Strike Defendants' Cross-Motion for Summary Judgment and Defendant County's Response to Plaintiff's Motion for Summary Judgment, **Ct. Rec. 55**, is **DENIED**.

6.   Plaintiff's Motion for Leave to File, **Ct. Rec. 58**, is **DENIED as MOOT**.

7.   Plaintiff's Motion to Strike Response to Motion, Ct. Rec. **59**, is **DENIED**.

8.   Plaintiff'S Motion for Entry of Default, **Ct. Rec. 64**, is **DENIED**.

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff Dalluge and close the file.

**DATED** this ___22nd___ day of July, 2010.

                              s/Lonny R. Suko
                    _____
                              LONNY R. SUKO
                    CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 8